UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ORTIZ-CASTRO,

    Petitioner,

v.                         Case No.8:13-CV-337-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

    Before the Court are Defendant's Motion to Compel (D-4) and Motion for Reconsideration of this Court's Summary Denial of his Motion to Dismiss Construed by the Court as a 28 U.S.C. § 2255 Motion (D-3), and the Government's response in opposition.

    Petitioner pled guilty to Counts One and Two of the Indictment on April 25, 2005. The Court sentenced him to a term of imprisonment of 135 months on October 18, 2005. Petitioner appealed. The Eleventh Circuit affirmed his sentence on June 5, 2006. On January 29, 2013, more than six years later, Petitioner filed his § 2255 motion. By order dated March 11, 2013, the Court dismissed Petitioner's § 2255 motion as time barred. (D-2.)

    Petitioner moves for reconsideration of the Court's March 11, 2013 order. He argues that his motion is timely under § 2255(f)(4). He alternatively argues that he is entitled to equitable tolling. He also moves to compel the Government to produce certain Coast Guard records.

    The Government responds that Petitioner's § 2255 motion is

untimely and that he is not entitled to equitable tolling. With regard to the motion to compel documents, the Government argues that Petitioner has failed to show that he attempted to obtain the documents through a Freedom of Information Act request. It further points out that it provided Rule 16 discovery to Defendant in March 2005.

Petitioner's motion is not timely pursuant to § 2255(f)(4), which commences the limitation time from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends that he "became aware in January 2013 that the geographical location of his arrest by the United States Coast Guard (USCG) was a relevant factor...." (D-3, p. 2.) However, Petitioner admitted at his guilty plea hearing on April 25, 2005, that he was traveling in international waters in the Eastern Pacific Ocean, approximately 150 nautical miles south of Guatemala. (Cr-D- 114; Cr-D-298, p. 9-10.) Thus, his "discovery" in January 2013 was not the location of his arrest but rather the decision in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), in which the Eleventh Circuit ruled that the MDLEA was unconstitutional as applied to the drug trafficking activities of the defendants which occurred in the territorial waters of Panama. A judicial decision does not constitute new factual information affecting a petitioner's claim. See Madaio v. United States, 397

Fed. Appx. 568, 570 (11th Cir.2010) ("Since Section 2255(f)(4) is predicated on the date that facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.")

Furthermore, Petitioner is not entitled to equitable tolling. "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dept of Corrections, 297 F.3d 1278, 1287 (11th Cir. 2002), cert. denied, 537 U.S. 1237 (2003). There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to timely file his § 2255 motion. Nor has Petitioner demonstrated that he is actually innocent of the crime of conviction.

Finally, Petitioner's motion to compel is denied. Petitioner has not demonstrated a particular need for the documents as his § 2255 motion is untimely. Furthermore, he has not demonstrated that he has attempted to secure the documents through a FOIA request.

IT IS ORDERED that:

1) Petitioner's Motion for Reconsideration of this Court's Summary Denial of his Motion to Dismiss Construed by the Court as a 28 U.S.C. § 2255 Motion (D-3) is GRANTED only to the extent that the Court has reconsidered its Order of March 11, 2013 and declines

to amend it in any respect. The Court's previous ruling of March 11, 2013 is CONFIRMED.

2)   Defendant's Motion to Compel (D-4) is DENIED.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this  8th  day of July, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE